# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

JERRY L. CLARK,

    Petitioner,

v.

GEORGIA DEPARTMENT OF
CORRECTIONS; and TOOMBS COUNTY,
GEORGIA,

    Respondents.

CIVIL ACTION NO.: 6:16-cv-97

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner Jerry Clark's ("Clark") failure to comply with the Court's Order of November 21, 2016, to show cause regarding whether he was still housed at Autry State Prison or another penal institution and whether he intended to pursue his Petition. (Doc. 12.) For the following reasons, I **RECOMMEND** the Court **DISMISS** Clark's Petition, (doc. 1), **without prejudice** for Clark's failure to follow this Court's Orders and failure to prosecute and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** the Court **DENY** Clark leave to appeal *in forma pauperis* and a Certificate of Appealability. The Court **DISMISSES as moot** Clark's Motion for Appointment of Counsel. (Doc. 5.)

## BACKGROUND

Clark, who is housed at Autry State Prison in Pelham, Georgia, brought this action in the Middle District of Georgia pursuant to 28 U.S.C. § 2254 on August 12, 2016. (Doc. 1.) He originally filed a "complaint" with the Middle District of Georgia, (doc. 1), and that court

transferred Clark's case to this Court upon initial review. (Doc. 7.) Prior to transferring this case, the Middle District of Georgia advised Clark that, should he wish to pursue his 28 U.S.C. § 2254 Petition, he was to pay the $5.00 filing fee or move to proceed *in forma pauperis*. (Doc. 4.) In response, Clark filed a Motion to Appoint Counsel on June 10, 2016, and a Response to that order on July 11, 2016, advising that he wished to pursue his claims if he could obtain the assistance of counsel. (Docs. 5, 6.)

Once this case was transferred to this Court, Clark was notified on September 16, 2016, that his Petition had neither a filing fee nor a completed Motion to Proceed *in Forma Pauperis* attached. Clark was advised his Petition could not be processed without either the $5.00 filing fee being paid or filing a motion with the Court to proceed *in forma pauperis*. Clark was also advised that his "[f]ailure to comply with this notice [within twenty-one (21) days] may result in dismissal by the Court." (Doc. 10, p. 1.) The Clerk of Court attached to this Notice a blank copy of an Application to Proceed *in Forma Pauperis* form. (Id. at pp. 2–3.) On October 24, 2016, this Notice was returned to the Court as undeliverable with the notifications of "Return to Sender", "Insufficient Address", and "Unable to Forward". (Doc. 11.)

In response, the Court ordered Clark to show cause within fourteen (14) days of its Order whether he is still housed at Autry State Prison or another penal institution and whether he intends to pursue his Petition. To this end, Clark was advised that he must either pay the requisite $5.00 filing fee or move to proceed *in forma pauperis*. Clark was forewarned his failure to do so would result in the dismissal of his Petition for failure to follow the Orders of this Court and failure to prosecute his cause of action. The Court directed the Clerk of Court to attach a copy of the Court's preferred form for a litigant to use when moving for *in forma pauperis* status to its Order. (Doc. 12.) This Order was returned to the Court as undeliverable on

November 30, 2016. (Doc. 13.) The Court has not received any pleading from Clark since that Order. Indeed, Plaintiff has not taken any action in this case after submitting his Response to Court Order with the Middle District of Georgia on July 11, 2016. (Doc. 6.)

## DISCUSSION

The Court must now determine how to address Clark's failure to comply with this Court's directive. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Clark's Petition without prejudice and **DENY** Clark leave to appeal *in forma pauperis* and a Certificate of Appealability.

## I. Dismissal for Failure to Prosecute and Failure to Follow this Court's Order

A district court may dismiss claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at \*1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633.

3

disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). With Clark having failed to file a response to this Court's Order, the Court is unable to move forward with this case.

Moreover, Clark was given ample time to follow the Court's directives, and Clark has not made any effort to do so or to inform the Court as to why he cannot comply with its directives. Indeed, Clark has not taken any action in this case since filing his Response to Court Order on July 11, 2016.

Thus, I **RECOMMEND** the Court **DISMISS without prejudice** Clark's Petition, (doc. 1), for failure to prosecute and failure to follow this Court's Order and **DIRECT** the Clerk of Court to **CLOSE** this case.

## II. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Clark leave to appeal *in forma pauperis* and deny him a Certificate of Appealability ("COA"). Though Clark has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

5

Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Clark's Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be

taken in good faith. Thus, the Court should likewise **DENY** Clark *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS** this action **without prejudice** and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Clark leave to proceed *in forma pauperis* on appeal and a Certificate of Appealability. The Court **DISMISSES as moot** Clark's Motion for Appointment of Counsel.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Clark at his last known address.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of December, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA